UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GREGG LUBONTY,

                Appellant,

         -against-

R KENNETH BARNARD, Trustee, and
ALS HIBISCUS, LLC,

                Appellees.
------------------------------------------------------------X

**ORDER**
**14-mc-0353(SJF)**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  MAY 12 2014  ★

LONG ISLAND OFFICE

FEUERSTEIN, J.,

On March 14, 2014, appellant Gregg Lubonty ("appellant") filed in the United States Bankruptcy Court for the Eastern District of New York ("the bankruptcy court"), *inter alia*: (1) a notice of appeal from an order of the bankruptcy court (Trust, U.S.B.J.), dated March 3, 2014, *inter alia*, authorizing and approving a revised stipulation ("the Revised Stipulation of Sale") between appellees R. Kenneth Barnard ("the Trustee"), the Chapter 7 Trustee, and ALS Hibiscus, LLC ("ALS"), a secured creditor of the estate, providing for the terms and conditions of sale of the Chapter 7 estate's interest in the real property located at 102 South Hibiscus Drive, Miami Beach, Florida ("the subject property"); and (2) a motion seeking leave to appeal to this Court from the March 3, 2014 order of the bankruptcy court. Neither appellee has filed an answer in opposition to the motion seeking leave to appeal to this Court from the March 3, 2014 order. See Fed. R. Bankr. P. 8003(a).

Although Rule 8006 of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules") provides, in relevant part, that "[w]ithin 14 days after filing the notice of appeal as

1

provided by Rule 8001(a) * * * the appellant shall file with the [bankruptcy court] clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" ("the Designation and Statement"), and the bankruptcy court's docket specifically indicates, *inter alia*, that appellant's Designation was due by March 28, 2014, (Bankr. Doc. No. 278), appellant has not filed a Designation and Statement with the bankruptcy court to date, nor has he ever sought an extension of time to do so. On March 31, 2014, only the record on appellant's motion for leave to appeal, consisting of the notice of appeal and motion for leave to appeal, was transmitted to this Court. For the reasons set forth below, appellant's motion seeking leave to appeal to this Court from the March 3, 2014 order of the bankruptcy court is denied as unnecessary and appellant is ordered to show cause why this appeal should not be dismissed pursuant to Rule 8001(a) of the Bankruptcy Rules for his failure to comply with Rule 8006 of the Bankruptcy Rules.

I.   Background

On October 19, 2011, appellant commenced a bankruptcy proceeding by filing a voluntary petition for protection under Chapter 11 of the United States Bankruptcy Code ("the Bankruptcy Code") in the bankruptcy court. (Bankr. Doc. No. 1).

On June 20, 2013, ALS filed a motion in the bankruptcy court pursuant to 11 U.S.C. §§ 105(a) and 1112(b)(1), for an order converting the case to one under Chapter 7 of the Bankruptcy Code, or alternatively, 11 U.S.C. § 1104(a), for an order appointing a Chapter 11 trustee. (Bankr. Doc. No. 198). On July 2, 2013, the bankruptcy court: (1) granted ALS's motion and converted the case to one under Chapter 7 of the Bankruptcy Code, (Bankr. Doc. No. 216); and (2)

appointed the Trustee, (Bankr. Doc. No. 219).

On December 20, 2013, the Trustee filed an "Emergency Motion to Sell Property of the [Chapter 7] Estate Free and Clear of Liens under 11 U.S.C. § 363(f) and Authorizing and Approving the * * * [Revised Stipulation of Sale]" ("the Motion to Sell").[1] (Bankr. Doc. No. 248). By order dated December 23, 2013, the bankruptcy court scheduled a hearing on the Motion to Sell for January 7, 2014. (Bankr. Doc. No. 249). On January 2, 2014, appellant filed an objection to the Motion to Sell. (Bankr. Doc. No. 251).

On January 3, 2014, (1) appellant filed a "Motion to Object/Reclassify/Reduce/Expunge * * *[ALS's claim]" ("the Claim Objection Motion"), directing that objections thereto be filed by

---

[1] Section 363(f) provides, in pertinent part, that "[t]he trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if– * * * (2) such entity consents * * *." Section 363(b) provides, in relevant part, that "[t]he trustee, after notice and a hearing, may * * * sell * * * other than in the ordinary course of business, property of the estate * * *."

Rule 6004(c) of the Bankruptcy Rules provides, in relevant part, that "[a] motion for authority to sell property free and clear of liens or other interests shall be made in accordance with Rule 9014 and shall be served on the parties who have liens or other interests in the property to be sold. * * *"

Rule 9014(a) of the Bankruptcy Rules provides that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise." Rule 9014(c) provides that certain rules governing adversary proceedings, e.g., pertaining to parties, joinder, interpleader, discovery, etc., are applicable to contested matters under Rule 9014 "[e]xcept as otherwise provided * * *, and unless the court directs otherwise * * *." Rule 9014(c) also provides, in pertinent part, that "[t]he court may at any stage in a particular matter direct that one or more of the other rules [applicable to adversary proceedings] shall apply." Rule 9014(d) provides that "[t]estimony of witnesses with respect to disputed material factual issues shall be taken in the same manner as testimony in an adversary proceeding." Thus, it is clear that, like adversary proceedings, a motion brought pursuant to Rule 9014, such as the Trustee's Motion to Sell, proceeds as a discrete dispute within the bankruptcy proceeding.

3

4:30 p.m. on February 7, 2014, (Bankr. Doc. No. 252); and (2) ALS filed a response to appellant's objection to the Motion to Sell, (Bankr. Doc. No. 253).

On January 6, 2014, HSBC Bank, USA, N.A. ("HSBC") filed a limited objection to the Motion to Sell. (Bankr. Doc. No. 255).

On January 7, 2014, the hearing on the Motion to Sell was adjourned until January 29, 2014. (Bankr. Doc. No. 258).

On January 22, 2014, ALS filed a "Response/Statement * * * in Further Support of" the Motion to Sell, (Bankr. Doc. No. 260), and appellant filed a "Reply in Further Objection to" the Motion to Sell, (Bankr. Doc. No. 262).

On January 29, 2014, the hearing on the Motion to Sell was adjourned until February 3, 2014.

On January 31, 2014, the Trustee filed a declaration relating to the Motion to Sell. (Bankr. Doc. No. 264).

The hearing on the Motion to Sell, at which the Trustee testified, was held on February 3, 2014. The bankruptcy court granted the Motion to Sell on the record and directed the Trustee to settle an order on three (3) days notice.

On February 20, 2014, the Trustee filed a notice of settlement of the proposed order. (Bankr. Doc. No. 272).

By order dated March 3, 2014, the bankruptcy court: (a) approved and authorized the Revised Stipulation of Sale and the "Sale of the Estate's Right Title and Interest in the Real Property Free and Clear of All Liens, Claims, Encumbrances and Other Interests;" (b) granted appellees "Related Relief * * * with Respect to the [appellant's] Pending Claim[] Objection

Motion;" and (c) provided (i) that "[t]he Time for ALS to respond to the [appellant's] pending * * * [Claim Objection Motion] is extended for ninety (90) days from the entry of [that] Order and that time may be further extended by the Court as it may deem appropriate[]" and (ii) that "[i]f a hearing on the [appellant's] Claim Objection [Motion] is required it shall be scheduled by the Court." (Bankr. Doc. No. 274).

On March 14, 2014, appellant filed in the bankruptcy court: (1) a notice of appeal to this Court from the March 3, 2014 order of the bankruptcy court; and (2) the instant motion for leave to appeal to this Court from the March 3, 2014 order of the bankruptcy court. In the motion for leave to appeal, appellant contends, *inter alia*, that although he "does not believe the Order constitutes an interlocutory order, but rather constitutes a final order, and is thus appealable as of right pursuant to 28 U.S.C. § 158(a)(1), out of an abundance of caution [he] nevertheless files th[e] motion seeking leave to appeal." (Debtor's Motion Pursuant to 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8001 and 8003 for Leave to Appeal the Order of the Bankruptcy Court Entered on March 3, 2014 ["Mot."] at 1-2).

Although appellant's Designation and Statement were required to be filed with the bankruptcy court on March 28, 2014, (Bankr. Doc. No. 278), see Fed. R. Bankr. P. 8006, appellant did not do so, nor did he seek an extension of time to do so. On March 31, 2014, only the record on appellant's motion for leave to appeal, consisting of his notice of appeal and the motion for leave to appeal, were transmitted to this Court by the bankruptcy court.

II. Discussion

   A. Motion for Leave to Appeal

"Bankruptcy court rulings are appealable to the district courts pursuant to 28 U.S.C. § 158(a), which gives the district court jurisdiction to review both final determinations, and, with leave, interlocutory orders of the bankruptcy court." First Fidelity Bank, N.A., New Jersey v. Hooker Investments, Inc. (In re Hooker Investments, Inc.), 937 F.2d 833, 836 (2d Cir. 1991).[2] "For appeals 'of right' a district court only has jurisdiction to hear appeals from 'final judgments, orders, and decrees.'" Ades-Berg Investors v. Breeden (In re Bennett Funding Group, Inc.), 439 F.3d 155, 159-60 (2d Cir. 2006) (quoting 28 U.S.C. § 158(a)(1)).

In Bennett Funding, the Second Circuit held:

> "The standards for determining finality in bankruptcy differ from those applicable to ordinary civil litigation. The need for different standards arises from the fact that a bankruptcy proceeding is umbrella litigation often covering numerous actions that are related only by the debtor's status as a litigant and that often involve decisions that will be unreviewable if appellate jurisdiction exists only at the conclusion of the bankruptcy proceeding. We have thus recognized that Congress intended to allow for immediate appeal in bankruptcy cases of orders that finally dispose of *discrete disputes within the larger case.*"

Id., 439 F.3d at 160 (quoting Sonnax Industries, Inc. v. Tri Component Products Corp. (In re

---

[2] Section 158(a) of Title 28 of the United States Code provides, in relevant part:

> "The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of the court, from other interlocutory orders and decrees; and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title...."

6

Sonnax Industries, Inc.), 907 F.2d 1280, 1283 (2d Cir. 1990) (emphasis in original; internal quotation marks and citations omitted)); see also Cor Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.), 466 F.3d 75, 77-78 (2d Cir. 2006) ("A more flexible concept of 'finality' is applied in the bankruptcy context than in appeals of ordinary civil litigation, such that orders in bankruptcy cases may be appealed if they finally dispose of discrete disputes within the larger bankruptcy case." (quotations, brackets and citation omitted)). "[A] 'dispute,' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted." Bennett Funding, 439 F.3d at 160 (quoting Shimer v. Fugazy (In re Fugazy Exp., Inc.), 982 F.2d 769, 775-76 (2d Cir. 1992)). "In sum, for a bankruptcy court order to be final * * *, the order need not resolve all of the issues raised by the bankruptcy but it must completely resolve all of the issues pertaining to a discrete claim, * * *." Fugazy Exp., 982 F.2d at 776; see also Quigley Co., Inc. v. Law Offices of Peter G. Angelos (In re Quigley Co., Inc.) 676 F.3d 45, 51 (2d Cir. 2012) (holding that final orders in bankruptcy cases are "orders that finally dispose of discrete disputes within the larger case." (quotations and citation omitted)).

A determination of the finality of the March 3, 2014 order "depends on whether appellant[] will have another chance to assert [his] objections to the [Revised Stipulation of Sale]." Bennett Funding, 439 F.3d at 160 (quoting SEC v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.), 960 F.2d 285, 290 (2d Cir. 1992)).

Since the bankruptcy court's approval of the Revised Stipulation of Sale conclusively resolved a discrete dispute, i.e., the Trustee's Motion to Sell the subject property, and appellant does not have another opportunity to assert objections to the sale of the subject property, the March 3, 2014 order is a final order appealable to this Court as of right. See, e.g. Bennett

Sonnax Industries, Inc.), 907 F.2d 1280, 1283 (2d Cir. 1990) (emphasis in original; internal quotation marks and citations omitted)); see also Cor Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.), 466 F.3d 75, 77-78 (2d Cir. 2006) ("A more flexible concept of 'finality' is applied in the bankruptcy context than in appeals of ordinary civil litigation, such that orders in bankruptcy cases may be appealed if they finally dispose of discrete disputes within the larger bankruptcy case." (quotations, brackets and citation omitted)). "[A] 'dispute,' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted." Bennett Funding, 439 F.3d at 160 (quoting Shimer v. Fugazy (In re Fugazy Exp., Inc.), 982 F.2d 769, 775-76 (2d Cir. 1992)). "In sum, for a bankruptcy court order to be final * * *, the order need not resolve all of the issues raised by the bankruptcy but it must completely resolve all of the issues pertaining to a discrete claim, * * *." Fugazy Exp., 982 F.2d at 776; see also Quigley Co., Inc. v. Law Offices of Peter G. Angelos (In re Quigley Co., Inc.) 676 F.3d 45, 51 (2d Cir. 2012) (holding that final orders in bankruptcy cases are "orders that finally dispose of discrete disputes within the larger case." (quotations and citation omitted)).

A determination of the finality of the March 3, 2014 order "depends on whether appellant[] will have another chance to assert [his] objections to the [Revised Stipulation of Sale]." Bennett Funding, 439 F.3d at 160 (quoting SEC v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.), 960 F.2d 285, 290 (2d Cir. 1992)).

Since the bankruptcy court's approval of the Revised Stipulation of Sale conclusively resolved a discrete dispute, i.e., the Trustee's Motion to Sell the subject property, and appellant does not have another opportunity to assert objections to the sale of the subject property, the March 3, 2014 order is a final order appealable to this Court as of right. See, e.g. Bennett

Sonnax Industries, Inc.), 907 F.2d 1280, 1283 (2d Cir. 1990) (emphasis in original; internal quotation marks and citations omitted)); see also Cor Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.), 466 F.3d 75, 77-78 (2d Cir. 2006) ("A more flexible concept of 'finality' is applied in the bankruptcy context than in appeals of ordinary civil litigation, such that orders in bankruptcy cases may be appealed if they finally dispose of discrete disputes within the larger bankruptcy case." (quotations, brackets and citation omitted)). "[A] 'dispute,' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted." Bennett Funding, 439 F.3d at 160 (quoting Shimer v. Fugazy (In re Fugazy Exp., Inc.), 982 F.2d 769, 775-76 (2d Cir. 1992)). "In sum, for a bankruptcy court order to be final * * *, the order need not resolve all of the issues raised by the bankruptcy but it must completely resolve all of the issues pertaining to a discrete claim, * * *." Fugazy Exp., 982 F.2d at 776; see also Quigley Co., Inc. v. Law Offices of Peter G. Angelos (In re Quigley Co., Inc.) 676 F.3d 45, 51 (2d Cir. 2012) (holding that final orders in bankruptcy cases are "orders that finally dispose of discrete disputes within the larger case." (quotations and citation omitted)).

A determination of the finality of the March 3, 2014 order "depends on whether appellant[] will have another chance to assert [his] objections to the [Revised Stipulation of Sale]." Bennett Funding, 439 F.3d at 160 (quoting SEC v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.), 960 F.2d 285, 290 (2d Cir. 1992)).

Since the bankruptcy court's approval of the Revised Stipulation of Sale conclusively resolved a discrete dispute, i.e., the Trustee's Motion to Sell the subject property, and appellant does not have another opportunity to assert objections to the sale of the subject property, the March 3, 2014 order is a final order appealable to this Court as of right. See, e.g. Bennett

Funding, 439 F.3d at 160, 162-63 (holding that the bankruptcy court's approval of a settlement order pursuant to Rule 9019 of the Bankruptcy Rules was a final order because it "conclusively resolve[d] the adversary action by establishing the settlement amount and extinguishing claims;" it resolved a "discrete dispute" by "authorizing the Trustee to enter into the Agreement;" and the appellant did not have another opportunity to assert objections to the Agreement in the bankruptcy court). In other words, once the bankruptcy court issued the March 3, 2014 order, "there was simply nothing further to be done in the Bankruptcy Court" with respect to the contested matter commenced by the Trustee's filing of the Motion to Sell. Bennett Funding, 439 F.3d at 164. Accordingly, appellant's motion seeking leave to appeal to this Court from the March 3, 2014 order of the bankruptcy court is denied as unnecessary since the March 3, 2014 order is appealable as of right. See 11 U.S.C. § 158(a)(1). The Clerk of the Court shall open this case as a bankruptcy appeal and serve appellant with a "Notice of Docketing Bankruptcy Appeal" in accordance with Rule 8007(b) of the Bankruptcy Rules.

B.  Failure to Comply with Rule 8006 of the Bankruptcy Rules

Rule 8001(a) of the Bankruptcy Rules provides, in pertinent part, that "[a]n appeal from a judgment, order, or decree of a bankruptcy judge to a district court * * * as permitted by 28 U.S.C. § 158(a)(1) * * * shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court * * * deems appropriate, which may include dismissal of the appeal." "[A] district court * * * has the power to dismiss a bankruptcy appeal for failure to prosecute *sua sponte*." Bristol v.

Ackerman (In re Bristol), No. 09-cv-1683, 2010 WL 1223053, at * 2 (E.D.N.Y. Mar. 24, 2010) (citing cases); see, e.g. Michaelesco v. Whiton, 398 Fed. Appx. 632, 633 (2d Cir. Sept. 22, 2010) (summary order) (affirming the district court's *sua sponte* dismissal of a bankruptcy appeal for the appellant's failure to comply with Rules 8006 and 8009 of the Bankruptcy Rules).

Rule 9006(b)(1) of the Bankruptcy Rules "permits some filings or other acts to be accepted notwithstanding a missed deadline." Lynch v. United States of America, Internal Revenue Service ("In re Lynch"), 430 F.3d 600, 603 (2d Cir. 2005). It provides, in relevant part, that, with exceptions not relevant here, "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion * * * (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). Thus, an action or filing should be permitted under Rule 9006(b)(1) "where the untimeliness is the result of excusable neglect." In re Lynch, 430 F.3d at 605. "Where * * * no excusable neglect [is] shown, the late filing is not permitted." Id.

Since "a bankruptcy appeal cannot proceed without a Designation and Statement," In re Lynch, 430 F.3d at 605, if an appellant who did not timely file a Designation and Statement pursuant to Rule 8006 of the Bankruptcy Rules does not meet the conditions of Rule 9006(b)(1), his appeal cannot proceed. See In re Lynch, 430 F.3d at 603, 605. In such circumstances, i.e., "where the appeal is precluded without the untimely action, there is no scope for an independent analysis under Rule 8001(a)." Id. at 605.

As indicated above, appellant believed, correctly, that the March 3, 2014 order of the

9

bankruptcy court was a final order appealable as of right pursuant to 11 U.S.C. § 158(a)(1) and, in fact, filed a notice of appeal of the March 3, 2014 order on March 14, 2014, (Bankr. Doc. No. 278), thus commencing the fourteen (14)-day period within which to file a Designation and Statement pursuant to Rule 8006 of the Bankruptcy Rules. The bankruptcy court docket even expressly indicates that appellant's Designation was due by March 28, 2014. (Id.) Appellant could have just as easily acted "out of an abundance of caution," (Mot. at 2), and filed a Designation and Statement in accordance with Rule 8006 of the Bankruptcy Rules, i.e., by March 28, 2014, as he did by filing the, ultimately unnecessary, motion for leave to appeal the March 3, 2014. Thus, the pendency of appellant's precautionary motion for leave to appeal does not constitute excusable neglect for his failure to comply with Rule 8006 of the Bankruptcy Rules.

In light of, *inter alia*, appellant's failure to timely file a Designation and Statement in accordance with Rule 8006 of the Bankruptcy Rules, or to seek an extension of time to do so, appellant is hereby,

ORDERED to show cause, by filing an affidavit with the Court **on or before May 27, 2014**, why this appeal should not be dismissed pursuant to Rule 8001(a) of the Bankruptcy Rules for failure to comply with Rule 8006 of the Bankruptcy Rules.

**PLAINTIFF IS ADVISED THAT HIS FAILURE TO FILE AN AFFIDAVIT IN ACCORDANCE WITH THIS ORDER WILL RESULT IN THIS APPEAL BEING DISMISSED PURSUANT TO RULE 8001(a) OF THE BANKRUPTCY RULES WITHOUT FURTHER NOTICE.**

III. Conclusion

For the reasons set forth above, appellant's motion for leave to appeal to this Court from the March 3, 2014 order of the bankruptcy court is denied as unnecessary and appellant is ordered to show cause, by filing an affidavit in accordance herewith **on or before May 27, 2014**, why this appeal should not be dismissed pursuant to Rule 8001(a) of the Bankruptcy Rules for his failure to comply with Rule 8006 of the Bankruptcy Rules. The Clerk of the Court shall open this case as a bankruptcy appeal; serve appellant with a "Notice of Docketing Bankruptcy Appeal" in accordance with Rule 8007(b) of the Bankruptcy Rules; and serve a copy of this Order upon all parties hereto and record such service on the docket.

SO ORDERED.

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated: May 12, 2014
       Central Islip, New York