UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GREGG LUBONTY,                                    :
                                                  :
                          Appellant,              :
                                                  :          **ORDER**
             -against-                            :          **14-mc-0353(SJF)**
                                                  :
R KENNETH BARNARD, Trustee, and                   :                    **F I L E D**
ALS HIBISCUS, LLC,                                :                 IN CLERK'S OFFICE
                                                  :           U S  DISTRICT COURT E D N Y
                          Appellees.              :
-------------------------------------------------------------X          ★    JUN 09 2014    ★

FEUERSTEIN, J.,                                              **LONG ISLAND OFFICE**

On March 14, 2014, appellant Gregg Lubonty ("appellant") filed in the United States

Bankruptcy Court for the Eastern District of New York ("the bankruptcy court"), *inter alia*: (1) a

notice of appeal from an order of the bankruptcy court (Trust, U.S.B.J.), dated March 3, 2014,

*inter alia*, authorizing and approving a revised stipulation ("the Revised Stipulation of Sale")

between appellees R. Kenneth Barnard ("the Trustee"), the Chapter 7 Trustee, and ALS Hibiscus,

LLC ("ALS"), a secured creditor of the estate, providing for the terms and conditions of sale of

the Chapter 7 estate's interest in the real property located at 102 South Hibiscus Drive, Miami

Beach, Florida ("the subject property"); and (2) a motion seeking leave to appeal to this Court

from the March 3, 2014 order of the bankruptcy court. Neither appellee filed an answer in

opposition to the motion seeking leave to appeal to this Court from the March 3, 2014 order. See

Fed. R. Bankr. P. 8003(a).

By order dated May 12, 2014, appellant's motion for leave to appeal to this Court from

the March 3, 2014 order of the bankruptcy court was denied as unnecessary and appellant was

1

ordered to show cause, by filing an affidavit in accordance with that order on or before May 27, 2014, why this appeal should not be dismissed pursuant to Rule 8001(a) of the Bankruptcy Rules for his failure to comply with Rule 8006 of the Bankruptcy Rules. On May 22, 2014, appellant filed an affidavit in accordance with the May 12, 2014 order indicating, *inter alia*: (a) that the motion for leave to appeal "was absolutely necessary[,]" (Aff., ¶ 12); (b) that he complied with Rule 8006 of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules") by filing his Designation and Statement on May 22, 2014, within fourteen (14) days after entry of the May 12, 2014 order, (Aff., ¶ 16); and, (c) in the event the Court rejects his first two (2) contentions, that his failure to comply with Rule 8006 of the Bankruptcy Rules was the result of excusable neglect.

Appellant's first two (2) contentions are without merit. Indeed, his present contention that the motion for leave to appeal "was absolutely necessary," (Aff., ¶ 12), is directly at odds with his contentions in the motion: (a) that he "does not believe the Order constitutes an interlocutory order, but rather constitutes a final order, and is thus appealable as of right pursuant to 28 U.S.C. § 158(a)(1)," (Debtor's Motion Pursuant to 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8001 and 8003 for Leave to Appeal the Order of the Bankruptcy Court Entered on March 3, 2014 ["Mot."] at 1-2), and (b) that he only filed the motion seeking leave to appeal "out of an abundance of caution." (Id.) Moreover, Rule 8006 of the Bankruptcy Rules provides, in relevant part, that "[w]ithin 14 days after filing the notice of appeal as provided by Rule 8001(a), [or] entry of an order *granting leave to appeal*, * * * whichever is later, the appellant shall file * * * and serve [a Designation and Statement]." (Emphasis added). The May 12, 2014 order did not grant appellant leave to appeal; it denied his motion for leave to appeal as unnecessary.

2

Furthermore, appellant ignores the facts that he simultaneously filed a notice of appeal with his motion for leave to appeal and that the bankruptcy court itself indicated that his Designation and Statement were required to be filed on March 28, 2014. (Bankr. Doc. No. 278).

Nonetheless, since, *inter alia*, neither appellee claims any prejudice resulting from appellant's failure to comply with Rule 8006 of the Bankruptcy Rules; the length of the delay was not extensive; appellant has since filed the Designation and Statement with the bankruptcy court, which accepted it, before it transmitted the record on appeal to this Court; and there is no indication that appellant acted in bad faith or for the purpose of delay, the appeal will not be *sua sponte* dismissed pursuant to Rule 8001(a) of the Bankruptcy Rules based upon appellant's failure to comply with Rule 8006 of the Bankruptcy Rules. In light of this determination and the May 12, 2014 order denying appellant's motion for leave to appeal to this Court from the March 3, 2014 order of the bankruptcy court, the Clerk of the Court shall close this case.


SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: June 9, 2014
      Central Islip, New York